# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff/respondent<br><br>v.<br><br>Eric Semrad,<br><br>    Defendant/petitioner | Case No.: 2:14-cr-00397-JAD-VCF<br><br>**Order Denying 28 U.S.C. § 2255 Petition and Certificate of Appealability**<br><br>[ECF No. 39] |

In 2015, Eric Semrad pled guilty to one count of being a felon in possession of a firearm, and I sentenced him to 40 months of incarceration.[1] He now moves to vacate his sentence under 28 U.S.C. § 2255, asserting three grounds for relief that are all premised on his contention that the Nevada Revised Statutes (N.R.S.) are unconstitutional as a whole because they lack an "enacting clause," as mandated by the Nevada Constitution.[2] But the Supreme Court of Nevada—the final arbiter of Nevada law—has rejected this precise argument in numerous unpublished decisions.[3] Semrad's arguments are therefore without merit, so I deny his petition.

To appeal this order, Semrad needs a certificate of appealability from a circuit or district judge.[4] In deciding whether to grant one, I consider if "reasonable jurists could debate whether

---

[1] ECF Nos. 28–29, 37–38.

[2] ECF No. 39. For instance, Semrad argues that, because the N.R.S. are unconstitutional, his prior Nevada felony conviction is invalid and he therefore wasn't a felon at the time he was caught with a firearm.

[3] *E.g.*, *Hull v. State*, No. 62954, 2013 WL 5730596, at *1 (Nev. Oct. 16, 2013) (unpublished); *Krig v. State*, 281 P.3d 1193 (Nev. 2009) (unpublished) ("The actual laws of Nevada are contained in the Statutes of Nevada, which . . . do contain the mandatory enacting clauses. Moreover, NRS 220.110, which sets forth the required contents of the Nevada Revised Statutes, does not mandate that the enacting clauses be republished in the Nevada Revised Statutes. Thus, we conclude that the fact that the Nevada Revised Statutes do not contain enacting clauses does not render the statutes unconstitutional.").

[4] 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1).

(or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."[5] Although this standard is "lenient,"[6] I find that Semrad's grounds for relief are clearly precluded by Nevada precedent and therefore deny him the certificate. Accordingly,

IT IS HEREBY ordered that Semrad's **§ 2255 petition [ECF No. 39]** and **a certificate of appealability are DENIED.** The Clerk of Court is directed **to enter a separate civil judgment denying Semrad's § 2255 petition and denying a certificate of appealability.** The Clerk must also file this order and the civil judgment in this case and in the related civil case: 2:18-cv-02000-JAD.

Dated: April 8, 2019

_____
U.S. District Judge Jennifer A. Dorsey

---

[5] *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (quotation marks omitted).

[6] *Hayward v. Marshall*, 603 F.3d 546, 553 (9th Cir. 2010) (en banc).